Juanita M. JONES, Petitioner/Appellee,

v.

Dr. Andrew E. JENKINS, Superintendent of Schools, et al., Respondents/Appellants.

No. 86–5198.

United States Court of Appeals, District of Columbia Circuit.

June 27, 1989.

Before EDWARDS and D.H. GINSBURG, Circuit Judges.

PER CURIAM.

### JUDGMENT

On November 17, 1987, this court issued the opinion in *Jones v. McKenzie*, 833 F.2d 335 (D.C.Cir.1987). On April 3, 1989, the Supreme Court vacated our judgment and the case was remanded for further consideration in light of *Skinner v. Railway Labor Executives' Ass'n*, —— U.S. ——, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989), and *National Treasury Employees Union v. Von Raab*, —— U.S. ——, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989). *See Jenkins v. Jones*, —— U.S. ——, 109 S.Ct. 1633, 104 L.Ed.2d 149 (1989).

Upon consideration of the Supreme Court's decisions in *Skinner* and *Von Raab*, and in consideration of the briefs submitted by the parties in light of the Supreme Court's remand, and upon further consideration of the record in this case, it is

ORDERED, on the court's own motion, that the penultimate paragraph of Part II–B of the opinion in *Jones v. McKenzie* (beginning with "Furthermore" and ending with "suggest the contrary") be deleted, and that the penultimate paragraph of the opinion (just before the "Conclusion", beginning with "Second" and ending with "legitimately concerned") also be deleted. *See* 833 F.2d at 339 and at 340–41. In place of the second deletion, at 833 F.2d 340–41, the following language is hereby substituted:

Second, in seeking to ensure that employees involved in the transportation of handicapped children not be under the influence of drugs while on duty, the School System clearly had a legitimate justification for the drug testing program. Hence, we find that the drug testing "program bears a close and substantial relation to the [Government's] goal of deterring drug use [ ]" on the job. *National Treasury Employees Union v. Von Raab*, [—— U.S. ——], 109 S.Ct. 1384, 1396 [103 L.Ed.2d 685] (1989). Of course, a drug test administered by the School System "need not conclusively prove the ultimate fact in issue" to be "relevant to an inquiry." *Skinner v. Railway Labor Executives' Ass'n*, [—— U.S. ——], 109 S.Ct. 1402, 1421 [103 L.Ed.2d 639] (1989) (quoting [*New Jersey v. T.L.O.*, 469 U.S. [325] at 345 [105 S.Ct. 733 at 744, 83 L.Ed.2d 720 (1985)]). "[F]or example, ... a positive test result, coupled with known information concerning the pattern of elimination for the particular drug and information that may be gathered from other sources about the employee's activities, may allow the [Government] to reach an informed judgment" regarding possible drug use. *Id.* The main point is that, on the present record, a drug testing program by the School System "is not an undue infringement on the justifiable expectations of privacy of covered employees," and, therefore, "the Government's compelling interests outweigh privacy concerns." *Id.*

It is FURTHER ORDERED that, in all other respects, the opinion and judgment of this court shall remain as presently reported at *Jones v. McKenzie*, 833 F.2d 335 (D.C.Cir.1987).