Dear Mr. Caswell:
This office is in receipt of your opinion request, directed to Attorney General Richard P. Ieyoub. You ask several questions concerning the legality of the implementation of a drug-testing program on the employees and students of the St. Landry Parish public school system. We are not asked to review the legality of a specific policy in this area; rather, we are asked to respond to several general questions which you indicate are of concern to the Superintendent of the St. Landry Parish Schools. Herein, we restate and respond to those questions presented in your correspondence.
(1) Can all school board employees be tested?
 (2) Is random drug testing of any segment of employees permissible?
(3) Can drug testing be required as a condition of employment?
(4) Can "cause" for testing be defined?
(5) May students be required to submit to drug testing?
Your first, second, and third questions are in part answered by the provisions of LSA-R.S. 49:1015, effective January 1, 1991 which authorizes drug testing of public employees under limited circumstances. That statute provides, in pertinent part:
R.S. 49:1015 Public Employee Drug Testing
 A. A public employer may require, as a condition of continued employment, samples from his employees to test for the presence of drugs following an accident during the course and scope of his employment, under other circumstances which result in reasonable suspicion that drugs are being used or as a part of a monitoring program established by the employer to assure compliance with terms of a rehabilitation agreement.
 B. A public employer may require samples from prospective employees, as a condition of hiring, to test for the presence of drugs.
 C. A public employer may implement a program of random drug testing of those employees who occupy safety-sensitive or security-sensitive positions.
 D. Any public employee drug testing shall occur pursuant to a written policy, duly promulgated, and shall comply with the provisions of this Chapter.
To restate, a public employer (i.e. the school board) may establish a program requiring drug testing of prospective employees. A public employer may further institute a program of suspicionless, random drug testing of those public employees who occupy "safety-sensitive" or "security-sensitive" positions. The terms "safety-sensitive" or "security-sensitive" are not defined by the statute; however, jurisprudential definitions prove helpful, and we enclose copies of Attorney General Opinions 92-202 and 91-16 which reflect an analysis of federal jurisprudence on this point.
We also refer you to the federal case of Romaguera v. Gegenheimer, 798 F. Supp. 1249 (E.D. La. 1992), which involved the application of LSA-R.S. 49:1015 to certain clerk of court employees. Therein, the court upheld under the federal constitution the random drug testing of clerk of court employees assigned the operation of motor vehicles, in addition to those employees who had direct and unsupervised access to drugs. The court in Romaguera, supra, however, invalidated the random drug testing of other employees who had only potential access to drugs, or had no unsupervised access to court evidence. The court further found random drug testing unjustified with respect to employees who only handled cash or operated computer equipment.
As an aside, note that the court in Romaguera, supra, refused to address the question of the constitutionality of LSA-R.S.49:1015, stating, in pertinent part:
 The plaintiffs further challenge the constitutionality of LSA-R.S. 49:1015, which provides in pertinent part that a public employer may require, as a condition of continued employment, drug testing . . . . . . randomly for those who occupy safety-sensitive or security-sensitive positions. Since the statute does not define these terms, leaving that to the jurisprudence, and the focus of plaintiff's case was the manner in which the Clerk of Court attempted to define the terms, the court finds that the constitutionality challenge to be unnecessary and thus that issue will not be reached. Romaguera, supra, at 1260.
This office remains of the opinion that mandatory pre-employment screening of prospective employees, and suspicionless, random drug testing of public employees who occupy "safety-sensitive" or "security-sensitive" positions is permissible under Louisiana law. See enclosed Attorney General Opinions 91-16 and 93-268 and authorities cited therein.
However, a program which would allow random drug testing of all employees is not authorized by statute, and in the opinion of this office would be subject to challenge under theFourth Amendment of the federal constitution. The state or governmental imposition of drug testing is considered a search of the person, invoking privacy concerns. The U.S. Supreme Court has held that a "compelled intrusion into the body for blood to be analyzed for alcohol content" must be deemed a search for purposes of the Fourth Amendment. Skinner v. Railway Labor Executives' Association, 489 U.S. 602, 109 S.Ct. 1402,103 L.Ed.2d 639 (1989).
Note that the federal constitution prohibits only unreasonable searches and seizures. The test determinative of reasonableness is "judged by balancing its intrusion on the individual'sFourth Amendment interest against its promotion of legitimate governmental interests." Skinner, supra, at 1414.
At the state level, LSA-Const. Art. I, Section 5 protects individuals from "unreasonable searches, seizures, or invasions of privacy". Our state constitutional provision affords a higher standard of liberty than that afforded by the federal constitution. State of Louisiana v. Victor Church, 538 So.2d 993
(La. 1989), at 996.
In light of the constitutional authority cited above, and in response to your fourth question asking that "cause" be defined, it is our opinion that in the absence of occupying a "safety-sensitive" or "security-sensitive" position, "cause" for drug testing must fall within the parameters of reasonableness as defined by the jurisprudence. The United States Supreme Court cases of Skinner v. Railway Labor Executives' Association,489 U.S. 602 (1989) and National Treasury Employees Union v. Von Raab, 489 U.S. 656 (1989), prove helpful. In Raab, supra, and Skinner, supra, concerning the random drug-testing of public employees, the Court concluded a determination that a search is reasonable requires that the necessity of governmental intrusion outweigh an individual's privacy interest. Both these decisions provide guidance because the cases imply that the employee's job dictates the outcome of whether or not a random drug test based upon reasonable suspicion would fall within limits allowable under the Fourth Amendment. See analysis, Opinion 91-16.
As is apparent, the reasonableness of a search does not easily lend itself to definition, but rather must be determined on a case-by-case basis in light of the jurisprudential rulings. See Attorney General Opinion 86-539, enclosed, and authorities cited therein. In addition, other decisions which may prove helpful are Jones v. McKenzie, 833 F.2d 335 (D.C. Cir. 1989); on remand,878 F.2d 1476 (D.C. Cir. 1989); (where school system's mandatory drug testing by urinalysis of employees, including bus attendant, did not violate the Fourth Amendment); see also American Federation of Government Employees v. Skinner, 885 F.2d 884; writ den., 110 S.Ct. 1960 (1990); (mandatory, suspicionless drug testing of FAA aircraft mechanics who inspect and maintain FAA aircraft was reasonable and consistent with theFourth Amendment).
In response to your fifth question, a program submitting students to random drug testing would similarly, as in the instance of public employees, be subject to constitutional challenge. This office has recently responded to this question in Attorney General Opinion 93-286, enclosed. It remains the opinion of this office that "any drug testing policy sought to be implemented in the public schools of this state . . . where there are no extraordinary and compelling circumstances and no individualized suspicion . . . that a student is using drugs, would be subject to question as to its constitutionality under the4th Amendment of the U.S. Constitution". We refer you to Opinion 93-286, a copy of which is enclosed, for your review of the authorities cited therein.
We hope the foregoing is helpful to you. Should you require further information, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0262E